Case No. 3:21-cv-00261-L

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

    Reorganized Debtor.

THE DUGABOY INVESTMENT TRUST AND GET GOOD NONEXEMPT TRUST,

    Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

    Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY MOOT

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Appellee*

# TABLE OF CONTENTS

Page

Background to the Motion and Procedural Posture ....................................................................... 1

Get Good Has No Claims Conferring Standing............................................................................. 2

Dugaboy Has No Claims Conferring Standing.............................................................................. 3

Appellants Lack Standing; Appeal Is Now Constitutionally Moot ............................................... 4

This Appeal Is Constitutionally Moot............................................................................................ 8

Conclusion ..................................................................................................................................... 9

**CASES**

*Chevron, U.S.A. v. Traillour Oil Co.*,
987 F.2d 1138 (5th Cir. 1993). .......... 8

*Dish Network Corp. v. DBSD N. Am. (In re DBSD N. Am.)*,
634 F.3d 79 (2d Cir. 2010) .......... 5

*Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*,
990 F.3d 422 (5th Cir. 2021) .......... 5

*Fortune Nat. Res. Corp. v. United States DOI,*
806 F.3d 363 (5th Cir. 2015) .......... 7

*Furlough v. Cage (In re Technicool Sys.)*,
896 F.3d 382 (5th Cir. 2018) .......... 4, 5, 8

*Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.)*,
395 F.3d 198 (5th Cir. 2004) .......... 4

*Goldin v. Bartholow,*
166 F.3d 710 (5th Cir. 1999) .......... 8, 9

*Halo Wireless, Inc. v. Alenco Communs. Inc. (In re Halo Wireless, Inc.),*
684 F.3d 581 (5th Cir. 2012) .......... 2

*Hogan v. Miss. Univ. for Women,*
646 F.2d 1116 (5th Cir. 1981) .......... 9

*In re Fondiller*,
707 F.2d 441 (9th Cir. 1983) .......... 5

*Kane v. Johns Manville Corp*.,
843 F.3d 636 (2d. Cir. 1988) .......... 5

*Kitty Hawk Aircargo, Inc. v. Chao,*
418 F.3d 453 (5th Cir. 2005) .......... 2

*Manges v. Seattle-First Nat'l Bank (In re Manges),*
29 F.3d 1034 (5th Cir. 1994) .......... 2, 9

*Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*,
32 F.3d 205 (5th Cir. 1994) .......... 5

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,*
513 U.S. 18 (1994) .......... 1

**STATUTES**

11 U.S.C. § 1129(b)(2)(C) ............................................................................................................ 7

11 U.S.C. § 327(a) ........................................................................................................................ 6

DOCS_NY:44900.6 36027/003

Appellee Highland Capital Management, L.P. ("**Highland**") respectfully moves this Court, in accordance with Federal Rule of Bankruptcy Procedure 8013(a), for an order dismissing this appeal as constitutionally moot.[1] No Appellant possesses a claim against Highland's bankruptcy estate that confers constitutional standing to appeal a bankruptcy court order. No Appellant is an adverse party with sufficient legal interest to maintain this appeal. This appeal is now moot, presenting no Article III case or controversy and leaving this Court with no constitutional jurisdiction to hear this appeal.

## Background to the Motion and Procedural Posture

On May 13, 2021, Appellants Get Good Nonexempt Trust ("**Get Good**") and The Dugaboy Investment Trust ("**Dugaboy**") filed the *Original Appellant Brief Filed on Behalf of The Dugaboy Investment Trust and the Get Good Nonexempt Trust* [Appellate Docket No. 21] (the "**Appellants' Brief**") in which they appealed an order of the bankruptcy court approving a settlement between Highland and HarbourVest[2] pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**HarbourVest Settlement**"). Briefing on this appeal is complete.

---

[1] *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18 (1994).

[2] The term "**HarbourVest**" refers collectively to HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P.

1

However, subsequent to filing the Appellants' Brief, Appellant Get Good's and Appellant Dugaboy's prepetition claims against the Highland bankruptcy estate were consensually expunged or withdrawn[3] by orders of the bankruptcy court. Consequently, none of the Appellants have prepetition general unsecured claims against the estate, and none of the Appellants is a "person aggrieved" entitled to prosecute this bankruptcy appeal under Fifth Circuit precedent.

Because this motion is brought under Bankruptcy Rule 8013(a), Appellants' response is due within seven days, and Appellee's reply is due within seven days after that. Appellee respectfully requests that the Court consider this motion before, or simultaneously with, oral argument on this appeal.

## Get Good Has No Claims Conferring Standing

On April 8, 2020, Appellant Get Good filed proof of claim no. 120. On November 10, 2021, the bankruptcy court entered an order approving a stipulation between Highland and Get Good withdrawing claim no. 120 with prejudice.[4] Get

---

[3] *Manges v. Seattle First Nat'l Bank (In re Manges),* 29 F.3d 1034, 1041 (5th Cir. 1994) (authorizing appellate court to review evidence of "subsequent events not before the courts below" when determining whether an appeal is moot).

[4] Bankruptcy Docket No. 3008. This motion cites several documents appearing on the docket of the bankruptcy case below, *In re Highland Capital Management, L.P.,* Case No. 19-34054-sgj11, U.S. Bankruptcy Court, Northern District of Texas (the "**Bankruptcy Docket**"). Appellee respectfully requests that this Court take judicial notice of the Bankruptcy Docket and its contents, **not** as an attempt to supplement the record on appeal but to provide this Court with "information 'capable of accurate and ready determination by resort to a source whose accuracy on the matter cannot reasonably be questioned.'" *Halo Wireless, Inc. v. Alenco Communs. Inc. (In re Halo Wireless, Inc.),* 684 F.3d 581, 597 (5th Cir. 2012) (quoting *Kitty Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 457 (5th Cir. 2005)) (noting that "it is within our discretion to take judicial notice" of proceedings in other courts). "Thus, this court may review evidence as to subsequent events … which bears upon the issue of mootness." *Manges,* 29 F.3d at 1041 (finding appeal moot).

2

Good was also a purported "successor in interest" to claims allegedly held by the Canis Major Trust for which it filed proofs of claim nos. 128 and 129 on April 8, 2020. With Get Good's consent, claim nos. 128 and 129 were each deemed withdrawn with prejudice under bankruptcy court orders entered on November 10, 2021.[5] Consequently, *Get Good has no pecuniary interest in Highland or the bankruptcy estate.*

### Dugaboy Has No Claims Conferring Standing

Appellant Dugaboy filed three proofs of claim in the bankruptcy case below: (a) proof of claim no. 177, filed on April 23, 2020; (b) proof of claim no. 131, filed on April 8, 2020; and (c) proof of claim no. 113, filed on April 8, 2020. On October 27, 2021, and November 10, 2021, the bankruptcy court entered orders approving Dugaboy's agreement to withdraw all three claims with prejudice.[6]

Consequently, Dugaboy has no claims against Highland's bankruptcy estate. Its only interest in the estate is a pre-bankruptcy 0.1866% limited partnership interest in Highland, which was canceled under the confirmed Plan. Dugaboy has no pecuniary interest in Highland or the bankruptcy estate and no pecuniary interest in the outcome of this appeal. Dugaboy has no standing as an appellant.

---

[5] Bankruptcy Docket Nos. 3009 and 3010.
[6] Bankruptcy Docket Nos. 2965, 2966, and 3007.

3

The following summarizes the Appellants' asserted claims against Highland's estate and their resolution:

| Summary of Appellants' Claims | | | |
|---|---|---|---|
| **Appellant** | **Claims at Time of Appeal** | **Disposition** | **Result** |
| Get Good | Claim No. 120 | Withdrawn / disallowed | No standing |
| | Claim No. 128 | Withdrawn / disallowed | No standing |
| | Claim No. 129 | Withdrawn / disallowed | No standing |
| Dugaboy | Claim No. 113 | Withdrawn / disallowed | No standing |
| | Claim No. 131 | Withdrawn / disallowed | No standing |
| | Claim No. 177 | Withdrawn / disallowed | No standing |

### Appellants Lack Standing; Appeal Is Now Constitutionally Moot

Standing to appeal a bankruptcy court decision is a question of law.[7] The standard for determining appellate standing in the bankruptcy context is governed by the "person aggrieved" test, which requires a showing that the appellant was aggrieved by the order being challenged.[8] "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing."[9] In other words, "[b]ecause bankruptcy cases typically affect numerous parties, the 'person aggrieved' test demands a higher causal nexus between act and injury …."[10] Appellants "must show that [they] were 'directly and adversely affected pecuniarily

---

[7] *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018).
[8] *Id.*
[9] *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004).
[10] *Id.*

by the order of the bankruptcy court.'"[11] Appellants bear the burden of alleging facts sufficient to demonstrate that they have standing to appeal.[12] Collectively, the only interests in the estate that the Appellants have that existed when they began this appeal is the extinguished equity interest (Dugaboy), which is insufficient to confer standing to prosecute this appeal.

The Fifth Circuit Court of Appeals has strictly limited appellant standing in bankruptcy cases:

> Bankruptcy courts are not Article III creatures bound by traditional standing requirements. But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.[13]

In *Technicool*, the debtor's equity holder, Robert Furlough, opposed the debtor's employment of special counsel to pursue litigation. After the bankruptcy court overruled his objection, Furlough appealed, first to the district court and, when he did not prevail there, to the Fifth Circuit Court of Appeals.[14] The Circuit Court

---

[11] *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)); *see also Dish Network Corp. v. DBSD N. Am. (In re DBSD N. Am.)*, 634 F.3d 79, 88-89 (2d Cir. 2010) ("an appellant must be 'a person aggrieved' …. An appellant … must show not only 'injury in fact' under Article III but also that the injury is 'direct[]' and 'financial'"), (quoting *Kane v. Johns Manville Corp.*, 843 F.3d 636, 642 & n.2 (2d. Cir. 1988); *see also Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 426 (5th Cir. 2021) (same).

[12] *See Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994).

[13] *Technicool*, 896 F.3d at 385 (citations omitted).

[14] *Id.* at 384–85.

5

also affirmed, explicitly rejecting Furlough's argument that additional administrative expenses for special counsel would make a recovery on his equity less likely because it could reduce recoveries by creditors, whose claims had priority over equity.

Significantly, the court further held that some theoretical possibility relating to out-of-the-money equity interest did not accord him standing to appeal: "This speculative prospect of harm is far from a direct, adverse, pecuniary hit. Furlough must clear a higher standing hurdle: *The order must burden his pocket before he burdens a docket.*"[15] The Fifth Circuit reasoned that the bankruptcy court order that was the subject of Furlough's appeal—the appointment of a professional under Bankruptcy Code § 327(a)—did not *directly* affect Furlough's pecuniary interests despite his out-of-the-money equity interests. In other words, just because Furlough "feels grieved by [the professional's] appointment does not make him a 'person aggrieved' for purposes of bankruptcy standing."[16]

The Fifth Circuit's reason for adopting the "pecuniary interest" test for bankruptcy appeals speaks directly to the circumstances under which the Appellants now before this Court have burdened this Court's docket:

> In bankruptcy litigation, the mishmash of multiple parties and multiple claims can render things labyrinthine, to say the least. To dissuade umpteen appeals raising umpteen issues, courts impose a stringent-yet-

---

[15] *Id.* (emphasis added).
[16] *Id.*

prudent standing requirement: *Only those directly, adversely, and financially impacted by a bankruptcy order may appeal it.*[17]

The Fifth Circuit again strongly reiterated this approach just one month ago in *Dean v. Seidel (In re Dean),*[18] explaining that the "person aggrieved test … an even more exacting standard than traditional constitutional standing," requires "that the *order* of the bankruptcy court must directly and adversely affect the appellant pecuniarily."[19] The Circuit Court stated simply: Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets."[20]

Here, the HarbourVest Settlement, the bankruptcy court order approving the HarbourVest Settlement, and the outcome of this appeal do not and cannot directly affect any of the Appellants' wallets. No Appellant has a prepetition claim against Highland's bankruptcy estate. Even Dugaboy's infinitesimal pre-bankruptcy equity interest in Highland has been canceled.[21] (And had it not been canceled, it would

---

[17] *Id.* at 384 (emphasis added).

[18] No. 21-10468, 2021 U.S. App. LEXIS 36022 (5th Cir. Dec. 7, 2021) (a reported decision that has not yet been included in the Fed.4th reporter).

[19] 2021 U.S. App. LEXIS 36022 at *3 (quoting *Fortune Nat. Res. Corp. v. United States DOI,* 806 F.3d 363, 367 (5th Cir. 2015) (emphasis in original).

[20] *Id.* at *4.

[21] Among more than a dozen appeals Dondero and his entities are currently prosecuting from this one bankruptcy case alone is an appeal of the bankruptcy court's confirmation of the Plan. It is, of course, theoretically possible that the appeal is upheld, technically reinstating pre-bankruptcy equity interests in Highland. But even if so, there is no nexus between the HarbourVest settlement and Dugaboy's miniscule limited partnership interests because all creditors would have to be paid in full with interest before such equity interests would ever be entitled to a recovery. *See* 11 U.S.C. §1129(b)(2)(C) (frequently referred to as the "absolute priority rule").

7

still be insufficient to confer standing under the case law.) With no pecuniary interest in the bankruptcy estate, Appellants lack standing under Fifth Circuit law. Even a reversal of the bankruptcy court's order approving the HarbourVest Settlement would not "put any money in [Appellants'] pocket," as required by the Fifth Circuit.[22]

## This Appeal Is Constitutionally Moot

This appeal has been rendered moot—non-justiciable under the "Cases and Controversies" Clause of Article III of the U.S. Constitution—because Appellants have lost their standing during the pendency of this appeal. The U.S. Supreme Court has described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."[23]

The Fifth Circuit Court of Appeals, in addressing a bankruptcy appeal in which the appellant lost standing after the appeal began, held thus: "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation."[24] A mooted appeal must be dismissed because a "moot case

---

[22] *Technicool*, 896 F.3d at 386.
[23] *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (2001) (quoting *Geraghty,* 445 U.S. at 397).
[24] *Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999), citing *Chevron, U.S.A. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir. 1993).

presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."[25]

As all of Appellants' claims possessed at the time this appeal began have been withdrawn with prejudice or expunged, Appellants lost whatever standing they had when they commenced this appeal. This appeal, in the words of *Goldin,* no longer has an appellant with sufficient legal interest to maintain it.

## Conclusion

The Court should dismiss this appeal as moot.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

---

[25] *Goldin,* 166 F.3d at 717–18 (citing *Hogan v. Miss. Univ. for Women,* 646 F.2d 1116, 1117 n.1 (5th Cir. 1981)). Mootness in this sense is distinct from the concept of "equitable mootness," which usually pertains to appeals of orders confirming a fully-consummated plan of reorganization. Constitutional mootness is a matter of Article III jurisdiction, whereas "equitable mootness" addresses the concern that an appellate court with jurisdiction can only render relief that could inequitably harm third parties not before the court. *See, e.g., Manges,* 29 F.3d at 1039 (comparing constitutional mootness with equitable mootness).

| | |
|---|---|
| Dated:  January 13, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Jordan A. Kroop (NY Bar No. 2680882)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>            jmorris@pszjlaw.com<br>            jkroop@pszjlaw.com<br>            gdemo@pszjlaw.com<br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>            ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Motion complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Motion contains 2,253 words.

<div style="text-align: right;">

*/s/ Zachery Z. Annable*
Zachery Z. Annable

</div>

## CERTIFICATE OF SERVICE

I hereby certify that, on January 13, 2022, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

<div style="text-align: right;">

*/s/ Zachery Z. Annable*
Zachery Z. Annable

</div>