Case No. 3:21-cv-00261-L

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

    Reorganized Debtor.

THE DUGABOY INVESTMENT TRUST AND GET GOOD NONEXEMPT TRUST,

    Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

    Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S REPLY IN SUPPORT OF
## MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY MOOT

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Appellee*

**TABLE OF CONTENTS**

**Page**

Summary of Appellee's Reply ................................................................................................ 1

Appellants Do Not Have a Direct Pecuniary in the HarbourVest Settlement ............................... 2

The Fifth Circuit's "Person Aggrieved" Test Is Not Unconstitutional ......................................... 4

Bankruptcy Code § 1109 Does Not Confer Appellate Standing .................................................. 5

Appellants' Loss of Standing Renders This Appeal Constitutionally Moot .................................. 7

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Davis,*
   768 Fed. Appx. 262 (5th Cir. 2019) .................................................................................. 9

*Arizonans for Official English v. Arizona,*
   520 U.S. 43, 68 n.22 (1997) ............................................................................................... 7

*Furlough v. Cage (In re Technicool Sys.),*
   893 F.3d 308, 2018 U.S. App. LEXIS 16852 (5th Cir. Tex., June 20, 2018) ................ 4, 5

*Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.),*
   395 F.3d 198 (5th Cir. 2004) ............................................................................................. 8

*Goldin v. Bartholow,*
   166 F.3d 710 (5th Cir. 1999) ............................................................................................. 8

*Hall v. Beals,*
   396 U.S. 45, 48 (1969) ....................................................................................................... 9

*Hogan v. Mississippi University for Women,*
   646 F.2d 1116 (5th Cir. 1981) ........................................................................................... 8

*In re Campbellton-Graceville Hosp. Corp.*,
   593 B.R. 663, 667 (Bankr. N.D. Fla. 2018) ...................................................................... 6

*In re Fondiller*,
   707 F.2d 441 (9th Cir. 1983) ............................................................................................. 8

*In re Long*,
   2015 Bankr. LEXIS 2592, *1 (Bankr. N.D. Ind. August 7, 2015) ..................................... 6

*In re Southwest Equip. Rental,*
   152 B.R. 207 (Bankr. E.D. Tenn. 1992) ........................................................................... 6

*Staley v. Harris Cty., Tex.*,
   485 F.3d 305 (5th Cir. 2007) ............................................................................................. 9

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,*
   513 U.S. 18, 23 (1994) ...................................................................................................... 9

**OTHER AUTHORITIES**

5 *Collier on Bankruptcy* ¶ 1109.08 (16th ed. 2021) ................................................................. 6

Appellee Highland replies to the response filed by Appellants[1] and in further support of its motion under Federal Rule of Bankruptcy Procedure 8013(a) for an order dismissing this appeal as constitutionally moot [Doc. No. 33] (the "**Motion**").[2]

### Summary of Appellee's Reply

Despite the Response's attempted obfuscation of straight-forward legal issues, the bottom line is that Appellants are simply unable to satisfy the Fifth Circuit's "person aggrieved" test required to appeal the HarbourVest Settlement because the reversal of that order would not *directly* affect any potential recovery on Dugaboy's former equity interest in Highland. Appellants argue that they satisfy the requisite test for appellate standing because the reversal of the HarbourVest Settlement coupled with the potential occurrence of several future events could, theoretically, provide a distribution to Highland's former equity holders. But the Fifth Circuit has consistently rejected this type of indirect and speculative harm as insufficient to confer appellate standing.

Appellants make several additional unfounded arguments in the Response, all devoid of merit. These include Appellants' absurd suggestion that the application of the Fifth Circuit's person aggrieved test is somehow "unconstitutional" because it would leave no way for higher courts to "supervise" the bankruptcy court and ensure

---

[1] *Appellants' Response to Appellee's Motion to Dismiss Appeal as Moot* [Docket No. 35] (the "**Response**")

[2] Capitalized terms not defined in this Reply retain the meanings given to them in the Motion.

1

that its orders are properly reviewed. Appellants also argue that Bankruptcy Code § 1109(b) of the Bankruptcy Code (authorizing certain enumerated parties to be heard and appear on bankruptcy matters) confers appellate standing. It does not. Finally, Appellants argue that they should be able to prosecute the appeal because they once held disputed claims against Highland that conferred on them permanent standing that cannot be lost by future events. This is also wrong. Even were Appellants' prior claims sufficient to satisfy the "person aggrieved" standard, standing can be lost, and a loss of standing renders a bankruptcy appeal constitutionally moot. Appellants have lost whatever standing they may have had at this appeal's outset. The appeal is now constitutionally moot and should be dismissed.

**Appellants Lack a Direct Pecuniary Interest in the HarbourVest Settlement**

Appellants argue that they have a "direct pecuniary interest" in this appeal because "without HarbourVest's $80 million in claims granted under the HarbourVest Settlement, Dugaboy's recovery *would be much more likely*."[3] But the Fifth Circuit has consistently rejected this "would be much more likely" argument because Dugaboy is not *directly* and adversely pecuniarily affected by the HarbourVest Settlement. This is the identical issue argued (unsuccessfully) by a similarly-situated shareholder in *Technicool*. In that case, the equity holder sought

---

[3] *See* Response at pg.2 (emphasis added).

to appeal a bankruptcy court order by arguing that it could potentially receive a distribution if a large claim were disallowed. But the Fifth Circuit rejected that speculative argument as insufficient to confer standing because of the appeal of the subject order would not "directly" affect the shareholder's pecuniary interests.[4]

Here, Dugaboy appeals the HarbourVest Settlement to potentially receive a distribution on account of its .1866% former equity interest in Highland. As in *Technicool*, any hypothetical reversal of the HarbourVest Settlement would not directly affect any possible recovery for Dugaboy. If the HarbourVest Settlement were reversed, the bankruptcy court would then have to adjudicate and fix the allowed amount of HarbourVest's claim (as well as determine the allowance of several other creditor claims that Appellants and their affiliates have appealed and which must be paid ahead of Dugaboy's former equity interest). HarbourVest's allowed claim could ultimately end up being more or less than the $80 million provided under the HarbourVest Settlement. Then, whatever the allowed HarbourVest claim would have to be paid, with interest, under the terms of Highland's confirmed plan of reorganization before even getting to the issue of whether there is any surplus distribution for Highland's former equity holders. Both Appellants are also defendants in an adversary proceeding pending before the

---

[4] *Furlough v. Cage (In re Technicool Sys.),* 896 F3d 382, 385 (5th Cir. 2018).

bankruptcy court.[5] All these potential scenarios would first need to play out before even reaching the ultimate question of what, if any, distributions Dugaboy might be entitled to on account of its canceled equity interest in a substantially insolvent entity.[6] As explained in the Motion, multiple layers of "might," "maybe," and "what if" are no basis for standing. The Fifth Circuit has said so repeatedly.[7]

### The Fifth Circuit's "Person Aggrieved" Test Is Not Unconstitutional

Appellants next posit that if the Court applies the Fifth Circuit test for standing, and Appellants are unable to prosecute their appeal, the bankruptcy system would be rendered unconstitutional because there would no mechanism by which Article III courts could review orders from Article I Courts. The absurdity of this

---

[5] *See Complaint and Objection to Claims*, filed on October 15, 2021 [Bankruptcy Adversary Proceeding 21-03076 Bankruptcy Docket 1].

[6] To paraphrase *Technicool,* that [Dugaboy] feels grieved by [the HarbourVest Settlement] does not make [it] aggrieved for purposes of bankruptcy standing. The Fifth Circuit's rejection of this speculative endeavor as a basis for appellate standing applies equally here. *See Technicool*, 796 F.3d at 386.

[7] Technicool, 896 F.3d at 385; *Coho Energy, Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 203 (5th Cir. 2004); *Dean v. Seidel (In re Seidel)*, No. 21-10468, 2021 U.S. App. LEXIS 36022 (5th Cir. Dec. 7, 2021). Appellants' statement that the HarbourVest Settlement was "essential" to the effectiveness of Highland's confirmed chapter 11 plan that was accepted by over 99% of the voting amount of claims is unsupported by the record and nonsensical. Confirmation of the Debtor's plan would have occurred regardless of the HarbourVest Settlement because the Debtor did not need HarbourVest's Class 8 and Class 9 Claims to accept the plan in order to confirm it. *See Order (1) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) and (II) Granting Related Relief* ¶ 55 [Bankruptcy Docket 1943] ("Class 2 (Frontier Secured Claims) and Class 7 (Convenience Claims) are each Impaired Classes of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any insider. Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied").

4

argument is exposed by examining the Fifth Circuit's test for appellate jurisdiction over bankruptcy court orders:

> Bankruptcy courts are not Article III creatures bound by traditional standing requirements. But that does not mean disgruntled litigants may appeal every bankruptcy order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited…. The narrow inquiry for bankruptcy standing – known as the 'person aggrieved' test is 'more exacting' than the test for Article III standing. [8]

Thus, the application of the "person aggrieved" test does not deprive district courts with appellate jurisdiction over Article III courts or otherwise render the bankruptcy court system unconstitutional. Rather, the test ensures that only those parties who are "directly and adversely pecuniarily by the order of the bankruptcy court" may prosecute bankruptcy appeals."[9]

### Bankruptcy Code § 1109 Does Not Confer Appellate Standing

Appellants next argue that Bankruptcy Code § 1109(b) provides them with standing to prosecute this appeal. It does not. That statutory provision gives certain parties the right "to appear and to be heard on any issue in a case …" It says nothing about appellate standing, nothing about whether an entity is a "person aggrieved,"

---

[8] *Technicool*, 896 F.2d at 385 (emphasis in original).
[9] *Technicool*, 896 F.3d at 386.

and nothing about the constitutional and jurisdictional implications of a loss of standing and resulting mootness.[10]

Appellants rely on *Southern Pacific Transport v. Voluntary Purchasing Group*,[11] a non-controlling case, for the proposition that section 1109(b) confers appellate standing. But *Southern Pacific* doesn't stand for that proposition. The two separate issues decided in *Southern Pacific* were: first, whether the statutory creditor committee was a "person aggrieved" with standing to oppose the appeal (even though it was not a named appellee); and second, only *after* concluding that it was a "person aggrieved," whether §1109(b) *prevented* the committee from being an *appellee* despite being a party-in-interest in the bankruptcy case below.[12] Only *after* concluding that the committee satisfied the "person aggrieved test" did the court address whether §1109(b) precluded the committee's appellate standing. Thus, *Southern Pacific* did not conclude that §1109(b) independently confers appellate

---

[10] "[S]ection 1109 … is silent on the subject of a party's ability to take an appeal from an adverse decision, other than to expressly prohibit the Securities and Exchange Commission from taking an appeal." 5 *Collier on Bankruptcy* ¶ 1109.08 (16th ed. 2021). *See also, e.g., In re Campbellton-Graceville Hosp. Corp.*, 593 B.R. 663 (Bankr. N.D. Fla. 2018) ("The right to appear and be heard as a party in interest under [section 1109(b)] is not the same as standing."); *In re Southwest Equip. Rental,* 152 B.R. 207 (Bankr. E.D. Tenn. 1992) (Section 1109 "does not necessarily mean that every party in interest can obtain relief on every issue. In other words, the right to raise an issue and appear and be heard is not the same as standing.")

[11] 227 B.R. 788 (E.D. Tex. 1998).

[12] *Id.* at 790. "Although the issue of standing is 'the threshold question in every federal case,' it is not clear that appellant standing is the proper inquiry for the court in this case. Such issues typically arise only in the context of a party's standing to *take* an appeal … not one's standing to oppose an appeal …. Indeed, courts are rarely (if ever) called upon to decide whether a party has standing to be an appellee." *Id.* at 790 (emphasis in original).

6

standing. One standard has nothing to do with the other, and Appellants offer this Court no authority conflating the two or holding that §1109 independently confers appellate standing.

### Appellants' Loss of Standing Renders This Appeal Constitutionally Moot

Appellants' final argument is devoted to obfuscating the concepts of standing and mootness that the Supreme Court and the Fifth Circuit have already made clear and straightforward. The Motion addresses the critical threshold issue of whether this appeal has been rendered moot—that is, non-justiciable under the "Cases and Controversies" clause of Article III of the U.S. Constitution—because Appellants have lost their standing during the pendency of this appeal. This *is* the proper first inquiry because the Supreme Court has said so. It held that mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."[13] And *Goldin* stands for the same proposition. In that Fifth Circuit case, the bankruptcy appellant lost standing after the appeal began, and the Fifth Circuit held: "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation."[14] A "moot case presents no

---

[13] *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997).

[14] *Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999).

Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."[15]

The Response also attempts to convince this Court that there are two distinct types of standing—constitutional standing and prudential standing—and that neither has anything to do with constitutional mootness. This is also incorrect. As explained in the Motion, constitutional mootness arises when standing is lost, irrespective of the "type" of standing. Appellants seem to argue that the "prudential" standing spoken of in bankruptcy appeals is somehow *less* stringent or "permissive." Again, not so. "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing …. the 'person aggrieved' test demands a higher causal nexus between act and injury …."[16] Appellants "must show that [they] were 'directly and adversely affected pecuniarily by the order of the bankruptcy court.'"[17] As *Coho Energy* unequivocally instructs, when an appellant loses its status as a "person aggrieved" after the appeal commences, the appeal becomes constitutionally moot. Prudential standing and constitutional mootness are elements of the same

---

[15] *Goldin,* 166 F.3d at 717–18, citing *Hogan v. Mississippi University for Women,* 646 F.2d 1116, 1117 n.1 (5th Cir. 1981).

[16] *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004).

[17] *Id*. (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

concept leading to a determination of constitutional mootness, not "different doctrines" as the Response argues.[18]

While it is true that standing is determined as of the time litigation begins, *constitutional mootness* and Article III's justiciability requirement place standing in a time frame, such that "[e]ven when an action presents a live case or controversy at the time of filing, subsequent developments … may moot the case."[19] Subsequent events here—the undisputed post-appeal withdrawal of all Appellants' general unsecured claims—deprived Appellants of any standing, rendering this appeal constitutionally moot.

---

[18] Appellants' argument in the Response that vacatur is only one remedy for a dismissal on constitutional mootness grounds is also wrong. The Supreme Court has overruled that earlier "rule." *See, e.g., Anderson v. Davis,* 768 Fed. Appx. 262 (5th Cir. 2019) ("the Supreme Court has since articulated that vacatur is not automatic but is instead an 'extraordinary' remedy warranted when a case-by-case weighing of the equities indicates that it is appropriate. *Staley v. Harris Cty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (*en banc*)," citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 23-26 (1994).

[19] *Hall v. Beals,* 396 U.S. 45, 48 (1969) (election appeal; appellants lost standing by becoming eligible to vote under the Colorado law sued on) and subsequent events (the 1968 election had occurred)).

| | |
|---|---|
| Dated: January 27, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Jordan A. Kroop (NY Bar No. 2680882)<br>Gregory V. Demo (NY Bar No. 5371992)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>       jmorris@pszjlaw.com<br>       jkroop@pszjlaw.com<br>       gdemo@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>       ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Reply complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Reply contains 2,314 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2022, a true and correct copy of the foregoing Reply was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

DOCS_SF:106781.5 36027/003