United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2023

Lyle W. Cayce
Clerk

No. 22-10960

In the Matter of Highland Capital Management, L.P.,

*Debtor*,

The Dugaboy Investment Trust,

*Appellant*,

*versus*

Highland Capital Management, L.P.,

*Appellee*.

─────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-261

─────────────────────────────

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

The Dugaboy Investment Trust challenges an order of the bankruptcy court that approved a settlement between a creditor and the debtor. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10960

district court affirmed the bankruptcy court's order, holding that Dugaboy lacks bankruptcy standing. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

We have previously provided a more extensive background of this bankruptcy. *See In re Highland Cap. Mgmt.*, 48 F.4th 419, 424–28 (5th Cir. 2022). Here, we set out the facts relevant to this appeal.

In 2019, debtor Highland Capital Management filed for bankruptcy in Delaware. The case was transferred to the United States Bankruptcy Court for the Northern District of Texas. In February 2021, the bankruptcy court confirmed the "Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.," (the "Plan") under which Highland Capital remained a debtor-in-possession throughout the bankruptcy case. *Id.* at 426–27.

The Dugaboy Investment Trust is a family trust controlled by James Dondero, Highland Capital's founder. *Id.* at 424–25. It is one of many entities under Dondero's control. *Id.* Dondero has appealed numerous cases, including this one, to this court, though this court has not ruled on all of those appeals.[1]

Dugaboy held a pre-bankruptcy fractional 0.1866% limited partnership interest in Highland Capital. *In re Highland Cap. Mgmt., L.P.*, 57 F.4th 494,

---

[1] The pending appeals are: *Dondero v. Highland Cap. Mgmt.*, No. 22-10889; *The Charitable DAF Fund v. Highland Cap. Mgmt.*, No. 22-11036.

This court has ruled upon: *The Dugaboy Inv. Tr. v. Highland Cap. Mgmt., L.P.*, No. 22-10983 (July 28, 2023); *NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones, L.L.P.*, --- F.4th ---, 2023 WL 4621466 (5th Cir. July 19, 2023); *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, No. 21-90011; *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419 (5th Cir. 2022), *petitions for cert. filed*, No. 22-631 (filed Jan. 9, 2023), No. 22-669 (filed Jan. 20, 2023); *In re Highland Cap. Mgmt., L.P.*, 57 F.4th 494 (5th Cir. 2023); *In re Highland Cap. Mgmt., L.P.*, 2023 WL 2263022, No. 22-10831 (5th Cir. Feb. 28, 2023).

No. 22-10960

497 (5th Cir. 2023). That interest was cancelled under the confirmed plan. *Id.* Dugaboy is now a former equity holder with a subordinated residual interest in Highland Capital.

During the pendency of the bankruptcy, Dugaboy filed three proofs of claim. On October 27, 2021, with Dugaboy's consent, the bankruptcy court entered orders withdrawing two of the Dugaboy claims with prejudice. *See In re Highland Capital Management, L.P.*, No. 19-34054-sgj11 (Bankr. N.D. Tex. Oct. 27, 2021) (Dkt. Nos. 2965, 2966). On November 10, 2021, the bankruptcy court entered an order approving a stipulation between Dugaboy and Highland Capital withdrawing the third Dugaboy claim with prejudice. *Id.* at Dkt. No. 3007. As a result, Dugaboy no longer has any pending proofs of claim.

We now explain the events that led to this appeal.

In 2017, HarbourVest[2] invested approximately $80 million to acquire a 49.98% ownership in an entity now known as Highland CLO Funding ("HCLOF"). HCLOF was managed by a Highland Capital subsidiary.

In April 2020, HarbourVest filed six proofs of claim in this bankruptcy against Highland Capital, seeking more than $300 million based on allegations of fraud. Highland Capital settled the HarbourVest claims by providing HarbourVest a general unsecured claim of $45 million and a subordinated claim of $35 million. As part of the settlement, HarbourVest agreed to transfer its interests in HCLOF to Highland Capital or its subsidiary, thereby effectively rescinding the HarbourVest investment.

---

[2] "HarbourVest" refers to several entities: HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., Harbour Vest Skew Base AIF, L.P., and Harbourvest Partners, L.P.

3

No. 22-10960

In January 2021, the bankruptcy court approved the settlement ("Settlement Approval Order") over the objections of (a) Dondero; (b) Dondero's family trusts, including Dugaboy; and (c) one of Dondero's charitable organizations, CLO HoldCo, Ltd.

Dugaboy appealed the Settlement Approval Order to the United States District Court for the Northern District of Texas. In September 2022, the district court affirmed and dismissed the appeal for lack of bankruptcy standing. Dugaboy timely appealed to this court.

## DISCUSSION

This court reviews "the bankruptcy court's factual findings for clear error, and we review legal conclusions and mixed questions of fact and law *de novo*." *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018). "Standing is a question of law that we review *de novo*." *Id.*

"Bankruptcy standing is a prudential standing requirement." *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021). "[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited." *Technicool*, 896 F.3d at 385. To determine whether a party has standing to appeal a bankruptcy court order, this court uses the "person aggrieved" test. *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). This test "is more exacting than the test for Article III standing." *Technicool*, 896 F.3d at 385 (quotation marks and citation omitted). An appellant must show that he is "directly, adversely, and financially impacted by a bankruptcy order." *Id.* at 384. "Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets." *Dean*, 18 F.4th at 844.

Dugaboy makes several arguments as to why the district court erred.

4

No. 22-10960

First, Dugaboy contends that this court should not employ the "person aggrieved" test. Instead, we should hold that the following statutory language, which is not a statute about appeals, confers standing to appeal:

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). Dugaboy argues that, as an "equity security holder," it has appellate standing under Section 1109(b). Binding circuit precedent, however, compels us to apply the "person aggrieved" test.[3] *See In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004).

Next, Dugaboy argues that, in any event, it has standing under the "person aggrieved" test. Dugaboy predicates its standing on (1) its proofs of claim and (2) its residual equity interest.

Dugaboy cannot rely on its now-withdrawn proofs of claim to support standing. Constitutional mootness requires that the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quotation marks and citations omitted). Because Dugaboy's proofs of claim have been withdrawn with

---

[3] We are not aware of any other circuit that has found Section 1109(b) confers appellate standing. As one leading treatise states: "Although section 1109 speaks broadly of the right of a party in interest to raise and to appear and be heard on any issue in a chapter 11 case, the section is silent on the subject of a party's standing to take an appeal from an adverse decision . . . . In general, in order for a person to be a proper party to take an appeal, one must be a 'person aggrieved' by the outcome of a particular proceeding." 7 COLLIER ON BANKRUPTCY ¶ 1109.08 (16th ed. 2023).

No. 22-10960

prejudice, they can no longer sustain standing. Therefore, Dugaboy must rely on its residual interest.

Dugaboy also asserts standing due to its residual equity interest. Under the Plan, Dugaboy is a "Claimant Trust Beneficiar[y]" and holds a "Class A Limited Partnership Interest." Dugaboy's Class A is the last priority class for potential receipt of future distributions. As the Plan outlines, before Dugaboy can receive a distribution, all other claimants would first have to be satisfied:

> "*Claimant Trust Beneficiaries*" means the Holders of Allowed General Unsecured Claims, Holders of Allowed Subordinated Claims, including, upon Allowance, Disputed General Unsecured Claims and Disputed Subordinated Claims that become Allowed following the Effective Date, and, only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, post-petition interest from the Petition Date at the Federal Judgment Rate in accordance with the terms and conditions set forth in the Claimant Trust Agreement and all Disputed Claims in Class 8 and Class 9 have been resolved, Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests.

Dugaboy insists its "interests are directly and pecuniarily affected by the approval of the HarbourVest Settlement." "Absent the Settlement," Dugaboy says, "there would be $80 million more that would be available to satisfy creditors," thus increasing Dugaboy's likelihood of recovery.

That residual equity interest is insufficient to confer standing. Bankruptcy standing requires that an appellant be "*directly* . . . impacted by" a bankruptcy order. *Technicool*, 896 F.3d at 384 (emphasis added). This ensures that bankruptcy cases — which "often involve numerous parties

Case: 22-10960      Document: 00516866777      Page: 7      Date Filed: 08/22/2023
Case 3:21-cv-00261-L   Document 42   Filed 08/22/23   Page 7 of 7   PageID 4237

No. 22-10960

with conflicting and overlapping interests" — do not lead to appeals that "clog up the system and bog down the courts." *Id.* at 385. Standing to appeal requires that the contested bankruptcy court order have a direct effect on the parties' financial interests. *Dean*, 18 F.4th at 844.

What is required here is evidence that the Settlement Approval Order has a direct pecuniary effect on Dugaboy. An equity interest holder could suffer direct financial injury by an order reducing the debtor's assets. We examine whether such injury is shown here. Under the Plan, Dugaboy's interest in the debtor's estate is in the lowest of 11 classes of priorities for distribution of estate assets, with each class to be paid in full before the next class gets paid anything. The debtor's counsel asserted in oral argument that, based on all the record evidence, the debtor's assets would be completely depleted, likely in Class 8 — several classes higher than Dugaboy's priority class. Dugaboy's counsel did not in response to the court's questions contest this representation or otherwise explain how Dugaboy might recover.

As a result of these undisputed facts, it is clear that Dugaboy's financial interests are not affected by the Settlement Approval Order. To use the language of standing, it is not a "person aggrieved" by the Order.

Dugaboy also contends that the bankruptcy court improperly authorized HarbourVest to transfer its interest to a subsidiary of Highland Capital. Because Dugaboy lacks bankruptcy standing, however, it cannot challenge that authorization.

AFFIRMED.